UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

YUSSETY P. RODRIGUEZ,

     Plaintiff,

v.

BOCA RATON HOUSING AUTHORITY
a/k/a BRHA

     Defendant,

_____/

## **COMPLAINT**

    Comes now the Plaintiff, Yussety P. Rodriguez, by and through the undersigned counsel, and hereby sues Defendant Boca Raton Housing Authority, a/k/a BRHA, and alleges as follows:

### Introduction

    This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Defendant interfered with Plaintiff's FMLA rights. Defendant denied Plaintiff an FMLA-qualified leave and then terminated her employment because of Plaintiff's attempts to initiate proceedings to take an FMLA leave to treat her serious health condition.

### Jurisdiction Venues and Parties

1. This is an action for damage exceeding Fifteen Thousand Dollars ($15,000.00), exclusive of interest, Attorney's fees, and costs.

2. Plaintiff Yussety P. Rodriguez is a resident of Palm Beach County, Florida, within the

jurisdiction of this Honorable Court and is otherwise sui juris. For purposes of the FMLA, Plaintiff is a covered employee.

3.  Defendant Boca Raton Housing Authority, a/k/a BRHA (from now on, BRHA, or Defendant) is a duly authorized public body corporate and politic, as defined by Section 421.01, et seq. Florida Statutes, and doing business in Palm Beach County, Florida. Defendant was and is engaged in interstate commerce.

4.  The venue of this action is properly placed in the Southern District of Florida, West Palm Beach Division, within the jurisdiction of this Honorable Court.

<u>Allegations Common to all Counts</u>

5.  Plaintiff Yussety P. Rodriguez is a 43-year-old qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant. Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

6.  Defendant BRHA is a public housing authority that administers the Section 8 Housing Choice Voucher Program for the City of Boca Raton. The Boca Raton Housing Authority (BRHA) provides safe and affordable housing to low-and moderate-income families. Defendant receives support and funding from several government and private sources. Defendant BRHA has facilities located at 2333A West Glades Road, Boca Raton, FL 33431, where Plaintiff worked.

7.  Defendant BRHA is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered Employer within the meaning of the FMLA.

8.  Defendant BRHA employed Plaintiff Yussety P. Rodriguez from approximately May 27, 2010, to January 05, 2023, or more than 12 years (12 years and seven months).

9.  Plaintiff was hired as a full-time front desk clerk and rose in a successful career to become a Director of Housing. At the time of her termination, Plaintiff had a salary of approximately $76,734.00 annually.

10. Throughout her employment with Defendant, Plaintiff performed her duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

11. On or about the last week of September 2022, Plaintiff informed Executive Director John H. Scannell that she would need an FMLA medical leave because she had to receive treatment for a severe Generalized Anxiety Disorder episode.

12. Plaintiff's deteriorated and stressful work environment negatively impacted her health and caused a serious health condition that required treatment by a healthcare provider.

13. Executive Director John H. Scannell denied Plaintiff the requested FMLA leave.

14. Plaintiff was forced to request a short-term disability under AFLAC supplemental insurance.

15. Executive Director John H. Scannell approved the leave.

16. On or about October 06, 2022, Plaintiff went on approved short-term disability with a return date of January 05, 2023.

17. On or about January 04, 2023, Plaintiff sent an email to Executive Director John H. Scannell regarding her return to work the following day.

18. On or about January 05, 2023, Executive Director John H. Scannell informed Plaintiff that her position had been filled, but she could apply for a lower position with a lower salary.

19. On or about the last week of September 2022, the Plaintiff engaged in protected activity when she gave Defendant enough information about her need for an FMLA leave to treat her serious health condition.

20. At that time, Plaintiff was suffering from a serious mental health condition, and she was afraid of losing her employment. However, Defendant denied the plaintiff her eligibility status, rights, and responsibilities under the FMLA. Defendant informed Plaintiff that BRHA was not a qualified employer under the FMLA.

21. As a direct result of Defendant's misrepresentation and denial of Plaintiff's rights under the FMLA, Plaintiff went on AFLAC short-term disability and was fired when she was supposed to return to work on or about January 05, 2023.

22. Therefore, on or about January 05, 2023, Plaintiff was wrongfully terminated, and her rights under the Family Medical Leave Act provisions were violated.

23. Defendant BRHA is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA.

24. In complete disregard of Plaintiff's rights, Defendant denied medical leave under the Family Medical Leave Act, preventing her from obtaining the benefits of a protected FMLA leave and continuing her job in her original or equivalent position.

25. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in

connection with any inquiry or proceeding relating to any right provided under this subchapter."

26. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described above, Plaintiff has sustained damages for the loss of her employment and the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

27. Plaintiff seeks to recover damages under the Family Medical Leave Act and any other remedy as allowable by law.

**COUNT I:**
**VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993;**
**INTERFERENCE WITH FMLA RIGHTS**

28. Plaintiff Yussety P. Rodriguezre-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-27 above as if set out in full herein.

29. This is an action against corporate Defendant BRHA for damages and injunctive relief for violating the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

30. At all times relevant and material, Defendant BRHA is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75-mile radius of the facility where Plaintiff worked.

31. Plaintiff Yussety P. Rodriguez is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

32. Defendant BRHA employed Plaintiff Yussety P. Rodriguez from approximately May 27, 2010, to January 05, 2023, or more than 12 years (12 years and seven months).

33. Plaintiff was hired as a full-time front desk clerk and rose in a successful career to become a Director of Housing. At the time of her termination, Plaintiff had a salary of approximately $76,734.00 annually.

34. At all times material, Plaintiff was qualified to perform her job as a Director of Housing within her employer's legitimate expectations.

35. Plaintiff had worked for BRHA for more than 1,250 hours in the 12 months preceding her need for a medical leave.

36. Plaintiff Yussety P. Rodriguez was an eligible employee under the FMLA's protective provisions.

37. Defendant BRHA was an Employer as defined by the FMLA and was covered by its provisions.

38. On or about the last week of September 2022, Plaintiff informed Executive Director John H. Scannell that she would need an FMLA medical leave because she needed treatment for a severe Generalized Anxiety Disorder episode.

39. Plaintiff's deteriorated and stressful work environment negatively impacted her health and caused a severe health condition that required treatment by a healthcare provider.

40. Executive Director John H. Scannell denied Plaintiff the requested FMLA leave.

41. Plaintiff was forced to request a short-term disability under AFLAC supplemental insurance.

42. Executive Director John H. Scannell approved the leave.

43. On or about October 06, 2022, Plaintiff went on approved short-term disability with a return date of January 05, 2023.

44. On or about January 04, 2023, Plaintiff emailed Executive Director John H. Scannell about her return to work the following day.

45. On or about January 05, 2023, Executive Director John H. Scannell informed Plaintiff that her position had been filled, but she could apply for a lower position with a lower salary.

46. On or about the last week of September 2022, Plaintiff engaged in protected activity when she gave Defendant enough information related to the need for an FMLA leave to treat her serious health condition.

47. Plaintiff was entitled to leave under the FMLA to take care of her serious health condition.

48. However, at that time, Defendant denied being an employer under the FMLA and rejected the plaintiff her eligibility status, rights, and responsibilities.

49. Defendant BRHA denied Plaintiff FMLA benefits to which she was entitled.

50. Plaintiff was forced to take an AFLAC short-term disability.

51. Upon her return, on or about January 05, 2023, Plaintiff was wrongfully terminated, and her rights under the Family Medical Leave Act provisions were violated.

52. Defendant took materially adverse actions against the Plaintiff and terminated her employment and benefits because she intended to exercise rights protected under the FMLA.

53. Defendant BRHA is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendant interfered with Plaintiff's rights.

54. 29 US CODE § 2615 states in the pertinent part:

**a) Interference with rights**
**(1) Exercise of rights**
It shall be unlawful for any Employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.
**(2) Discrimination**

It shall be unlawful for any Employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

55. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, denied Plaintiff her request for an FMLA leave, preventing her from obtaining the benefits of FMLA to take care of a serious health condition and then continuing her job in her original position or any equivalent position.

56. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2).

57. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment and the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will continue in the future.

58. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Yussety P. Rodriguez respectfully requests that this Honorable Court grant judgment:

    A. Finding that Defendant BRHA's actions towards Plaintiff are violative of Plaintiff's rights under the FMLA;

    B. Awarding Plaintiff Yussety P. Rodriguez payment of all back wages, lost benefits, and

other economic damages, including front pay, found by the Court to be due under

FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's

willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including reasonable Attorney's fees.

<u>Demand for a Jury Trial</u>

Plaintiff Yussety P. Rodriguez demands a trial by jury of all issues triable as right by jury.

**COUNT II:**
**VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993**
**RETALIATION**

59. Plaintiff Yussety P. Rodriguez re-adopts every factual allegation about the Family Medical

Leave Act as stated in paragraphs 1-26 above as if set out in full herein.

60. This is an action against corporate Defendant BRHA for damages and injunctive relief for

violating the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

61. At all times relevant and material, Defendant BRHA is an Employer under the FMLA, as

defined in 29 USC § 2611(4). Defendant was pertinent to this Complaint at all times,

engaged in interstate commerce, and employed 50 or more employees within a 75-mile

radius of the facility where Plaintiff worked.

62. Plaintiff Yussety P. Rodriguez is a qualified female member of the protected class within

the purview of 29 USC Section 2601, The Family & Medical Leave Act.

63. Defendant BRHA employed Plaintiff Yussety P. Rodriguez from approximately May 27,

2010, to January 05, 2023, or more than 12 years (12 years and seven months).

64. Plaintiff was hired as a full-time front desk clerk and rose in a successful career to become a Director of Housing. At the time of her termination, Plaintiff had a salary of approximately $76,734.00 annually.

65. At all times material, Plaintiff was qualified to perform her job as a Director of Housing within her employer's legitimate expectations.

66. Plaintiff had worked for BRHA for more than 1,250 hours in the 12 months preceding her need for a medical leave.

67. Plaintiff Yussety P. Rodriguez was an eligible employee under the FMLA's protective provisions.

68. Defendant BRHA was an Employer as defined by the FMLA and was covered by the FMLA provisions.

69. On or about the last week of September 2022, Plaintiff informed Executive Director John H. Scannell that she would need an FMLA medical leave because she needed treatment for a severe Generalized Anxiety Disorder episode.

70. Plaintiff's deteriorated and stressful work environment negatively impacted her health and caused a serious health condition that required treatment by a healthcare provider.

71. Executive Director John H. Scannell denied Plaintiff the FMLA leave.

72. Plaintiff was forced to request a short-term disability under AFLAC supplemental insurance.

73. Executive Director John H. Scannell approved the AFLAC short-term leave.

74. On or about October 06, 2022, Plaintiff went on approved short-term disability with a return date of January 05, 2023.

75. On or about January 04, 2023, Plaintiff emailed Executive Director John H. Scannell about her return to work the following day.

76. On or about January 05, 2023, Executive Director John H. Scannell informed Plaintiff that her position had been filled, but she could apply for a lower position with a lower salary.

77. On or about the last week of September 2022, Plaintiff engaged in protected activity when she gave Defendant enough information about the need for an FMLA leave to treat her serious health condition.

78. However, at that time, Defendant denied being an employer under the FMLA and denied the plaintiff her eligibility status, rights, and responsibilities.

79. Therefore, on or about the last week of September 2023, Plaintiff engaged in statutorily protected activity when she gave information about the need for an FMLA leave to get treatment for her serious health condition.

80. Defendant BRHA denied Plaintiff FMLA benefits to which she was entitled.

81. Plaintiff was forced to request a short-term disability under AFLAC supplemental insurance.

82. As a direct result of Plaintiff's protected activity, Defendant fired Plaintiff on or about January 05, 2023, upon her return from short-term disability.

83. Plaintiff suffered a materially adverse action that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

84. There is a causal link between Plaintiff's protected activity and the adverse action.

85. Plaintiff was wrongfully terminated from her position in retaliation for her ability to exercise her rights under the Act, thereby adversely affecting Plaintiff.

86. Defendant BRHA is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in pertinent part:

§ 825.220 Protection for employees who request a leave or otherwise assert FMLA rights.

(a) The FMLA prohibits interference with an employee's rights under the law and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

(1) An Employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

(2) An Employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

87. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, denied Plaintiff's request for an FMLA leave, preventing her from obtaining the benefits of FMLA leave of absence to take care of a qualified serious health condition and then continuing her job in her original position or any equivalent position.

88. Defendant willfully and wantonly denied or otherwise interfered with and retaliated against the Plaintiff for her attempts to exercise substantive rights under the Family Medical Leave Act.

89. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment and the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

90. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Yussety P. Rodriguez respectfully requests that this Honorable Court grant judgment:

A. Finding that Defendant BRHA's actions toward Plaintiff are violative of Plaintiff's rights under the FMLA.

B. Awarding Plaintiff Yussety P. Rodriguez payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable Attorney's fee.

<u>Jury Demand</u>

Plaintiff Yussety P. Rodriguez demands a trial by a jury of all issues triable as a right by jury.

Date: March 31, 2024

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*